IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BLAKE R. WRIGHT,<br><br>      Plaintiff,<br><br>v.<br><br>NEPHI CITY et al.,<br><br>      Defendants. | **ORDER & MEMORANDUM DECISION**<br><br><br>Case No. 2:16-CV-33-CW<br><br>District Judge Clark Waddoups |

   Plaintiff, inmate Blake R. Wright, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2017), *in forma pauperis*, *see* 28 id. § 1915.  The Court now screens his Complaint and orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing his claims.

### 1.  Deficiencies in Complaint

Complaint:

 (a)  is not on the form required by the Court.

 (b)  possibly alleges claims that concern the constitutionality of his conviction and/or validity of his imprisonment, which should be brought in a habeas-corpus petition, not a civil-rights complaint.

 (c)  appears to inappropriately allege civil-rights violations on a respondeat-superior theory.

 (d)  does not affirmatively link several of the defendants to civil-rights violations.

 (e)  alleges claims that are possibly invalidated by the rule in *Heck* (see below).

 (f)  appears to involve claims that are past the statute of limitations for a civil-rights case (see below).

(g) alleges conspiracy claims that are too vague (see below).

(h) improperly names prosecutors as defendants, without considering prosecutorial immunity (see below).

(i) improperly names "State of Utah" as a defendant, though there is no showing that it has waived its governmental immunity (see below).

(j) states claims in violation of municipal-liability doctrine (see below).

(k) brings civil-rights claims against Nedra Loyola and Shauna Bock, who are not properly named, as they are not state actors.

(l) improperly names Milton Harmon as a defendant, without considering that public defenders are not considered to be state actors subject to suit under § 1983.

(m) contains claims based on state law--e.g., negligent infliction of emotional distress and fraud--though there are no valid federal claims in the Complaint providing grounds for pendent jurisdiction.

(n) appears not to have been prepared with help from the prison's contract attorneys.

## 2. Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106,

2

1110 (10th Cir. 1991).  Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant."  *Id.*  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).  "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position.  *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

• *Heck*

The Court concludes that Plaintiff's claims appear to involve some allegations that if true may invalidate his conviction and/or sentencing.  "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).  *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights in a way that may attack Petitioner's very imprisonment.  *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid.  *Id.* at 487.  Here, it appears it may regarding some claims.  If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's conviction and/or sentence were not valid.  Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.*  This has apparently not happened and may result in dismissal of such claims.

## • Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).  Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'"  *Id.* at 675 (citation omitted.  Some of the circumstances underlying these claims appear to have occurred more than four years before this case was filed.

## • Legal Access

Next, the Court notes that Plaintiff's claims may involve legal access.  As Plaintiff fashions his amended complaint, he should therefore keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980).  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to the courts, a plaintiff must allege not only the inadequacy of the library or legal assistance furnished but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  In other words, a plaintiff must show "that any

denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

### • Conspiracy

As to Plaintiff's conspiracy claim, he "must specifically plead 'facts tending to show agreement and concerted action.'" *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)). Plaintiff has not met this responsibility in his current complaint; his vague assertions that multiple people lied to effect his illegal arrest and incarceration, and, therefore, a conspiracy must be involved, are not enough. He must assert more detail to pursue this claim further.

### • Prosecutorial Immunity

A prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). The prosecutors' acts, as alleged by Plaintiff, appear to relate to advocacy before the court. These defendants therefore may be entitled to absolute prosecutorial immunity from this lawsuit.

### • State Immunity

Regarding claims that have been made against the State, generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846

F.2d 627, 631 (10th Cir. 1988)).  Plaintiff asserts no basis for determining that the State has

waived its immunity or that it has been abrogated by Congress.  Because any claims against the

State appear to be precluded by Eleventh Amendment immunity, the Court believes it has no

subject-matter jurisdiction to consider them.  *See id.* at *9.

### • Municipal Liability

Finally, to establish the liability of municipal entities, such as Nephi City and Juab

County, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy

and (2) a direct causal link between the custom or policy and the violation alleged."  *Jenkins v.*

*Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385

(1989)).  Municipal entities cannot be held liable under § 1983 based on the doctrine of

*respondeat superior.  See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir.

1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Plaintiff has not so far established a direct causal link between his alleged injuries and

any custom or policy of Nephi City or Juab County.  Thus, the Court concludes that Plaintiff's

Complaint, as it stands, appears to fail to state claims against these municipal entities.

### MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to request *pro bono* counsel to

represent him.  Plaintiff has no constitutional right to counsel.  *See Carper v. Deland*, 54 F.3d

613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

However, the Court may in its discretion appoint counsel for indigent plaintiffs.  *See* 28 U.S.C.S.

§ 1915(e)(1) (2016); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.

1991).  "The burden is upon the applicant to convince the court that there is sufficient merit to

his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.  Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motion for appointed counsel.

## ORDER

**IT IS HEREBY ORDERED** that:

(1)  Plaintiff must within thirty days cure the Complaint's deficiencies noted above.

(2)  The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should he choose to file an amended complaint or a habeas-corpus petition.

(3)  If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4)  Plaintiff's motion for appointed counsel is **DENIED**, (*see* Docket Entry # 7); however, if, after the case develops further, it appears that counsel may be needed

or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

(5) Plaintiff's motion for copies and waiving the cost is **DENIED**, (*see* Docket Entry # 9); Plaintiff has not provided a good reason for needing the complaint in this case and should copy his own pleadings (even if by hand) before he sends them to the Court, if he wishes to keep his own file.

(6) Plaintiff's motion for time extension for service of process is **DENIED**, (*see* Docket Entry # 10); as noted above, there is no valid complaint on file at this time to be served.

DATED this 8th day of March, 2017.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court